**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LBI INVESTMENTS, INC.,

Plaintiff,

v.

LEXINGTON INTERNATIONAL, LLC,
and DAVID MICHAELS

Defendants.
______________________________________/

Case No. 05-74387

Arthur J. Tarnow
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DE 2] WITHOUT PREJUDICE AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT [DE 5]**

Plaintiff LBI Investments filed this diversity action alleging libel, slander, and tortious interference with business relationships. Plaintiff sells a hair comb which uses lasers to treat hair. Plaintiff argues that Defendant, a competitor in the comb market, made false and misleading statements to Plaintiff's customers with intent to damage LBI's business.

Before the Court is Defendant's motion to dismiss [DE 2]. Defendant argues that Plaintiff has failed to plead the allegedly injurious statements with particularity as required under Michigan law, and therefore fails to state a claim upon which relief can be granted.

In its response to the motion to dismiss, Plaintiff pleaded additional specific allegations of "false and misleading" statements by Defendant. Plaintiff argues that it should be allowed to file an amended complaint to cure the pleading defects alleged by Defendant.

In support of its motion, Defendant cites *Royal Palace Homes v. Channel 7 of Detroit,* 197 Mich. App. 48, 495 N.W. 2d 392 (1992), where the Michigan Court of Appeals affirmed the dismissal of a business defamation claim for a lack of specificity in the complaint. The court noted that the purpose of the heightened pleading requirement is to protect defendants' interests

in raising the defense of truth to defamation claims:

> It is a basic principle of libel law that truth is a defense to an action for defamation. Const 1963, art 1, § 19. See, e.g., *Butcher v SEM Newspapers, Inc*, 190 Mich App 309, 312; 475 NW2d 380 (1991) (if the gist of an article is substantially accurate, defendant cannot be liable). It follows that "the precise meaning and choice of words employed is a critical factor in any evaluation of falsity." *Rouch II*, supra at 263, n 25.
>
> The essence of this controversy amounts to a question of "Who bears the burden of specificity?" Plaintiffs assert that pleading general allegations of libel and appending a transcript of the allegedly defamatory broadcasts is sufficient. In other words, the defendants must determine, from the transcripts, what statements are false and defamatory...Defendants do not bear the burden to discern their potential liability from these transcripts. Plaintiffs must plead precisely the statements about which they complain.

*Royal Palace*, 197 Mich. App. at 56-7.

Plaintiff cites *Royal Palace* because the Court of Appeals remanded the case with instructions that the plaintiff be given an opportunity to amend the complaint. *See Royal Palace*, 197 Mich. App. at 57-8 ("Plaintiffs should, however, be given the opportunity to amend their complaint...If, on remand, plaintiffs are able to identify the 'materially false' statements or to establish the existence of defamatory implications, the case may proceed.")

*Royal Palace* stands for the proposition that defamation plaintiffs must plead allegedly false statements with particularity. However, it also stands for the proposition that leave to amend should be freely given so that plaintiffs may have a chance to satisfy the heightened pleading requirement.

Defendant cites one case, *Simmons v. Telcom Credit Union*, 177 Mich. App. 636, 644, 442 N.W. 2d 739 (1989), where the Michigan Court of Appeals affirmed dismissal of parts of the complaint for defamation without leave to amend:

> In view of the absence of an indication in the record that plaintiff requested an opportunity to amend the complaint or explained how an amendment could avoid

> this pleading deficiency, we decline to remand with leave for plaintiff to amend the complaint. On remand, the proceedings shall be limited to plaintiff's malicious prosecution claim.

*Simmons*, 177 Mich. App. at 644.

In this case, like *Simmons*, Plaintiff's complaint failed to set forth with particularity the allegedly defamatory statements made by Defendant. However, unlike *Simmons*, Plaintiff has requested an opportunity to amend its complaint to cure the alleged deficiencies. Therefore,

IT IS HEREBY ORDERED that Defendant's motion to dismiss [DE 2] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend [DE 5] is GRANTED.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager