UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LBI INVESTMENTS, INC.,

    PLAINTIFF,

v.                                                                   CASE NO. 05-74387

LEXINGTON INTERNATIONAL, LLC                HONORABLE SEAN F. COX
and DAVID MICHAELS,

    DEFENDANTS.
_____/

## OPINION & ORDER

Plaintiff LBI Investments, Inc. ("LBI" or "Plaintiff") filed this action against Defendants Lexington International, LLC ("Lexington") and David Michaels ("Michaels") on November 16, 2005. Plaintiff claims that Defendants, who are business competitors in the sale of laser hair loss treatment devices, disparaged the quality of their products. The matter is currently before the Court on Defendants' Motion for Summary Judgment. The Court heard oral argument on March 15, 2007. For the reasons set forth below, the Court shall **GRANT** Defendants' Motion for Summary Judgment.

## BACKGROUND

Lexington is in the business of manufacturing and selling a device called the Hairmax LaserComb. (*See* Pl.'s Am. Compl., and Def.'s Ans., at ¶ 7). Michaels is the managing director of Lexington. (*Id*. at ¶ 8). The Hairmax LaserComb is a device using laser technology for the hair and scalp. (*Id*. at ¶ 9).

On May 4, 2005, before LBI filed this action, Lexington sued LBI for patent infringement, unfair competition and violations of the Lanham Act in the United States District Court for the Southern District of Florida (Case No. 05-80388-CIV-Hurley)("the Florida Action"). (*See* Ex. A to Defs.' Br.). The complaint in the Florida Action alleged that LBI was distributing and selling various hand-held products for hair loss therapy, "the Photonic Laser 300, the Photonic Laser 500, the Photonic Laser 700, and the Photonic Laser 900," all of which infringe Lexington's HairMax LaserComb. (*Id*. at 3). On February 1, 2006, the court issued a "Final Default Judgment & Order of Permanent Injunction" in the Florida Action, adjudging that LBI infringed the patent for the Hairmax LaserComb and permanently enjoining it from further infringement. (*See* Ex. B to Defs.' Br.).

LBI's Amended[1] Complaint in this action asserts the following three claims against Defendants: "Slander" (Count I); "Libel" (Count II); and "Tortious Interference" (Count III).

Lexington has a website on which consumers may make postings. (Def.'s Ans. at ¶ 14). Plaintiff asserts that Defendants have used that forum to make numerous false and defamatory statements about LBI's products, the Photonic Laser 300, 500, 700 and 900.

Plaintiff further asserts that on numerous occasions during the period of June to August 2005, one of Plaintiff's sales consultants, Joseph Kuesis, had telephone conversations "with customers or potential customers in which they described defamatory statements made to them by Hairmax representatives regarding the Photonic products." (Am. Compl. at ¶ 58). Plaintiff

---

[1]Soon after the complaint was filed, Defendants filed a Motion to Dismiss, asserting that Plaintiff had failed to plead its defamation claims with the required specificity. Judge Tarnow denied the motion without prejudice, and allowed LBI to amend its complaint to assert its defamation claims with specificity.

2

alleges that "[t]he statements attributed to Hairmax representatives by Photonic customers include: (1) that the lasers in the Photonic products were weak, for example, that the laser power measured fewer than 1 milliwatts and Hairmax is 4-5 milliwatts with 9 laser beams; (2) that Hairmax purchased on [sic] of the Photonic units and it was an inferior device; (3) that each one of their beams, after being split, was 4-5 times more powerful than each laser used in the Photonic devices; (4) that Photonic was trying to scam consumers by making a knock-off of the Hairmax Lasercomb and was low powered and ineffective; and (5) that the options we decided to include in every unit were added merely to take away from the unit's ineffectiveness." (Am. Compl. at ¶ 58).

On December 22, 2006, Defendants filed the instant Motion for Summary Judgment.

Standard of Decision

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

A.    Defendants Are Entitled To Summary Judgment On Plaintiff's Defamation Claims (Counts I & II).

The tort of defamation includes both libel and slander. Libel is a statement about and concerning a person that is false in some material respect, that is communicated to a third party by written or printed words, and that has a tendency to harm the person's reputation. *Stablein v. Schuster*, 183 Mich.App. 477, 480 (1990). Slander is similar to libel, except that slander occurs when the statement is spoken rather than written. *Pursell v. Wolverine-Pextronix, Inc.*, 44 Mich. App. 416, 422 (1973).

Defendants assert that Plaintiff's defamation claims (Counts I & II), despite their labels by Plaintiff, should be construed as "commercial disparagement" claims, a subspecies of the tort of "injurious falsehood." Defendants cite no Michigan or Sixth Circuit authority for its suggestion that Plaintiff's libel and slander claims should be construed as an injurious falsehood claim. Defendants then assert that special damages in the form of pecuniary damages must be pleaded and proved in an injurious falsehood case. Defendants cite *Falls v. Sporting News Publishing Co.*, 834 F.2d 611, 616-17 (6th Cir. 1987) for that proposition. Defendants assert that here, Plaintiff has no compensible pecuniary loss because it has no right to sell its infringing products or to profit from such unlawful sales. Accordingly, Defendants assert that Counts I & II must be dismissed for failure to establish an essential element – pecuniary damages.

Defendants further assert that the same result would be obtained under "general Michigan defamation law." They note that M.C.L. §600.2911(2)(a) provides that a plaintiff can only recover actual damages for libel or slander, and assert that "[b]ecause the plaintiff in this action is

a corporation, which cannot suffer the same kinds of actual damages as a living person – humiliation, embarrassment, emotional distress – it can only recover economic damages, which it is unable to establish." (Defs.' Br. at 5). Thus, Defendants assert that they are entitled to summary judgment with respect to Counts I & II even if this case is "viewed as a garden variety defamation action." (*Id*.).

In response, Plaintiff asserts that Defendants' argument fails because they have damaged "LBI's general honesty, particularly with respect to dealing with consumers" and they have caused damages beyond just decreasing sales of LBI's handheld products.

With respect to damages relating to the handheld devices, Plaintiff's January 29, 2007 Response Brief asserted that it "intends" to move to set aside the Default Judgment in the Florida Action – which was entered on February 1, 2006. At the March 15, 2007 hearing, however, Plaintiff's counsel acknowledged that Plaintiff has not moved to set aside the default judgment in the Florida Action.

With respect to its alleged damages to its general reputation, Plaintiff disputes that its defamation claims must be treated as a disparagement or injurious falsehood claim. Rather, Plaintiff asserts that two specific statements made by Defendants constitute defamation per se and that those two written statements "must be analyzed under general defamation principles." (Pl.'s Br. at 4). Plaintiff asserts that "Defendants' statements that LBI has tried to 'mislead' and 'scam' consumers bear directly on LBI's honesty and business character, and are thus defamatory per se." Plaintiff relies on *Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793 (1984) and *Savage v. Lincoln Benefit Life Co.,* 49 F.Supp.2d 536 (E.D. Mich. 1999). Plaintiff asserts that the two statements at issue contain an imputation upon a corporation in respect to its

5

business, its ability to do business, and its methods of doing business, and is therefore libelous per se.

In their Reply, Defendants do not appear to challenge that under *Heritage Optical Center, Inc.*, that a corporation can be defamed or that where a libel contains an imputation upon a corporation regarding its ability to do business or its business methods, that same is libel per se. Rather, Defendants assert that a simple review of the two statements that Plaintiff relies on to assert such a claim shows that the statements do not refer to LBI. Defendants assert that the first and foremost component of a cause of action for libel is "a false and defamatory statement concerning the plaintiff." *Royal Palace Homes v. Channel 7,* 197 Mich. App. 48, 51 (1992). "Thus, basic libel law requires a plaintiff to demonstrate that an allegedly defamatory statement was published 'of and concerning' the plaintiff itself." (Defs.' Reply at 4). Defendants note that the statements Plaintiff relies on are not of and concerning LBI, and "clearly pertain to the patent infringing 'Photonic' products." Thus, Defendants assert that the two statements that allegedly "generally defame" LBI, and not the infringing products, clearly do no such thing.

The Court agrees.

Under Michigan law, false and malicious statements injurious to a person in his or her business are actionable per se, and special damages need not be alleged or proven. *Heritage Optical Center, Inc., supra*, at 797. The *Heritage* court explained that while a corporation's reputation in a personal sense cannot be defamed, one who publishes defamatory matter concerning a corporation can be subject to liability if the matter tends to prejudice it in its conduct of its business or to deter others from dealing with it. *Id*. at 797-98. The fact that it is possible for a corporation to sustain such a claim, however, does not end the Court's inquiry.

As Defendants correctly assert, in order to proceed with any defamation claim, the alleged defamatory statement must be concerning the plaintiff. *See Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich. App. 48, 51 (1992)(identifying "a false and defamatory statement concerning the plaintiff" as an essential element.); *see also New York Times Co. v. L.B. Sullivan*, 376 U.S. 254, 288 (1964) (Concluding that libel claim was unsupported where allegedly libelous statement consisted of the words of an advertisement, but the advertisement had no reference to the plaintiff, either by name or official position.).

Thus, Plaintiff can only proceed with a defamation claim against Defendants if it can identify a libelous statement made by Defendants that is concerning Plaintiff LBI. Plaintiff identified only two statements that it contends supports its defamation per se claim: 1) the portion of the June 8, 2005 posting wherein Plaintiff asserts that Defendants stated "that LBI is 'just trying to scam the consumer by producing a low power imitation' of Hairmax's product." (Pl.'s Response Br. at 4); and 2) a September 8, 2005 posting wherein Plaintiff asserts that Defendants stated "LBI has engaged in conduct that was 'an attempt to mislead consumers.'" (*Id*.).

Both of those postings were attached to Plaintiff's Amended Complaint. (*See* Ex. A to Am. Compl. at 3; Ex. B to Am. Compl. at 4). The portions of the postings that Plaintiff relies on, however, do not reference LBI:

|  | Plaintiff's Characterization of Statement: | Actual Statement: |
|---|---|---|
| June 8, 2005 posting | "Defendant Lexington states that LBI is 'just trying to scam the consumer by producing a low power imitation' of Hairmax's product." | "How many clinical studies has Photonic Research conducted? Or are they just trying to scam the consumer by producing a low power imitation that has not been clinically proven to be effective?" |
| September 8, 2005 posting | "Lexington claims that LBI has engaged in conduct that was 'an attempt to mislead consumers.'" | "Photonic's head to head comparison is an attempt to mislead consumers and also highlight features that their product has. The comparison neglects to highlight any features that the HairMax LaserComb possesses that the Photonic Laser does not." |

Accordingly, because the only two statements at issue reference the infringing Photonic products, and make no reference to LBI, the Court concludes that neither of those statements can support a defamation claim by LBI. The Court shall therefore grant summary judgment in favor of Defendants as to Plaintiff's defamation claims (Counts I &II).

B.  **Defendants Are Also Entitled To Summary Judgment On Plaintiff's Tortious Interference Claim (Count III).**

Defendants also challenge Plaintiff's tortious interference claim on the ground that Plaintiff cannot establish economic damages. Defendants assert that "According to the Restatement, 'one who intentionally and improperly interferes with another's prospective contractual relation . . . is subject to liability to the other for the pecuniary harm resulting from loss of the relation . . .'" ("Defs.' Br. at 6). Defendants also assert that an essential element of a

8

tortious interference with business expectancy claim is that the "contract or business expectancy must be a 'valid' and reasonable one," citing *Henderson v. Times Mirror Co.*, 669 F.Supp. 356 (D. Colo., 1987) and *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1279 (10th Cir. 2000). Defendants assert that Plaintiff cannot establish that it had a valid business expectancy. They assert that Plaintiff could have no reasonable or valid expectancy of profiting from its unlawful sale of patent infringing products and therefore cannot maintain its tortious interference claim.

Michigan cases reflect that the existence of a "valid business relationship or expectancy" is an essential element of a tortious interference with business expectancy claim. *See e.g., Mino v. Clio School Dist.*, 255 Mich. App. 60, 78 (2003); *P.T. Today, Inc. v. Commissioner of Office of Financial & Ins. Svs.*, 270 Mich. App. 110, 148 (2006).

In response to Defendants' Motion for Summary Judgment, Plaintiff did not attempt to refute the challenges made to its tortious interference claim. Thus, in response to Defendants' properly supported Motion for Summary Judgment, Plaintiff failed to submit any evidence to establish that it has a valid business expectancy that was adversely impacted by Defendants' alleged statements.

Moreover, the Court agrees that Plaintiff cannot have a "valid business expectancy" in the illegal sale of products that have been held to infringe Defendants' patent. Accordingly, the Court shall also grant Defendants' Motion for Summary Judgment with respect to Plaintiff's tortious interference claim.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

                s/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: March 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2007, by electronic and/or ordinary mail.

                s/Jennifer Hernandez
                Case Manager